United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-61003
Summary Calendar

_____

ALI YANTO,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 579 526
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

The petition for review of the Board of Immigration Appeals
(BIA) order denying asylum and the withholding of deportation by
Ali Yanto is DENIED.  This court gives great deference to an
immigration judge's (IJ's) decision concerning an alien's
credibility, and such determination may not be overturned unless
the record compels it.  Lopez De Jesus v. I.N.S., 312 F.3d 155,
161 (5th Cir. 2002); Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir.
2002); 8 U.S.C. § 1252(b)(4)(B).  Accordingly, a credibility
determination will be upheld if it is based upon a reasonable

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interpretation of the record and supported by substantial evidence.  Chun v. I.N.S., 40 F.3d 76, 78-79 (5th Cir. 1994).

The finding that Yanto was not credible is based on a reasonable interpretation of the record and is supported by substantial evidence.  Chun, 40 F.3d at 78-79.  Yanto's assertion that the IJ and the BIA failed to address certain "issues" raised by him is without merit.  The BIA "does not have to write an exegesis on every contention [made by a petitioner].  What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."  Efe, 293 F.3d at 907 (internal quotation marks and citation omitted).

PETITION DENIED.